**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff‑Appellee,

v.

SERVANDO GRAJEDA‑OLIVAS,

       Defendant‑Appellant.

No. 09-2204
(D.C. No. 1:09-CR-01226-JB-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant's plea agreement. The motion is filed pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). In response, defendant's counsel prepared the equivalent of an Anders brief, *see Anders v. California*, 386 U.S. 738 (1967), reciting the facts and identifying

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possible arguments suggesting this appeal is not subject to the defendant's appeal waiver, none of which have merit. Counsel then conceded that the government's motion is well taken because the appeal falls within the scope of the appeal waiver, defendant knowingly and voluntarily waived his appellate rights, and enforcing the waiver would not result in a miscarriage of justice.[1] *See id.* at 1325. As part of his plea agreement defendant was accorded fast track status.

Accordingly, the government's motion is GRANTED, and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM

---

[1] Counsel's efforts and candor are commendable.